**Bert J. ALLEN III, Plaintiff**

**v.**

**Daniel DUBOIS, Tammy Legnard, and Linda Locke, Defendants**

**No. CIV. 01–224–P–C.**

United States District Court, D. Maine.

April 13, 2005.

Bert J Allen, III, New Market, NH, Pro Se.

Michael J. Schmidt, Wheeler & Arey, P.A., Waterville, ME, James F. Molleur, Saco, ME, for York County Jail, Scott York County Jail Inmate, Richard York County Jail Inmate, Daniel Doubous indi-

vidually and in their official capabilities as officers of the York County Jail, Tammy Leonard individually and in their official capabilities as officers of the York County Jail., Scott Barrieau, Richard Lowell, Linda Mooers, Defendants.

## ORDER DISMISSING OFFICIAL CAPACITY CLAIMS AGAINST ALL DEFENDANTS

GENE CARTER, Senior District Judge.

█ On March 21, 2005, the Court required the parties to brief the issue of whether Plaintiff may maintain official capacity claims against Defendants Dubois, Legnard, and Locke following the Court's dismissal of Plaintiff's claims against York County for failing to establish the existence of a municipal custom or policy as required by *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants filed their memorandum on March 29, 2005 (Docket Item No. 191), and Plaintiff filed his memorandum on March 31, 2005 (Docket Item No. 193). Having considered the parties' submissions and the applicable law, the Court concludes that the official capacity claims must be dismissed.

█ "A damages suit against an official in an official capacity is tantamount to a suit against the entity of which the official is an agent." *Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir.2002). To prevail on an official capacity claim, the Plaintiff must establish that Dubois, Legnard, and Locke acted in accordance with an unconstitutional policy or custom. *Id.*; *see also Gomes v. Univ. of Me. Sys.*, 304 F.Supp.2d 117, 122 (D.Me.2004) ("[a]n essential element of an official-capacity lawsuit is that the entity's policy or custom must have played a part in the violation of federal law."). Because the Court has already concluded that a cause of action does not lie against York County, *see* Recommended Decision on Motion for Judgment on the Pleadings (Docket Item No. 104) and Order Affirming the Recommended Decision (Docket Item No. 114), it follows that Plaintiff also cannot maintain an official capacity claim against any of the above-captioned defendants.

The Court having already dismissed the individual capacity claims against Defendant Locke as a result of her bankruptcy proceedings, *see* Order Granting in Part Defendant Linda Locke f/k/a Linda Mooers' Motion to Dismiss (Docket Item No. 184), she will be dismissed from this case in all respects. Remaining for trial are Plaintiff's claims against Defendants Dubois and Legnard in their individual capacity only.

It is **ORDERED** that the official capacity claims against Defendants Dubois, Legnard, and Locke be, and they are hereby, **DISMISSED**. The Clerk is instructed to enter judgment in favor of Defendant Locke on all counts.

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE PROCEDURAL ORDER

Now before the Court is Plaintiff's Motion to Vacate (Docket Item No. 199) the Procedural Order issued by the Court on April 4, 2005 (Docket Item No. 195). Contained in the Motion at page two is a Notice of Interlocutory Appeal in the event that Motion to Vacate is denied. After full review of the Motion to Vacate, it is hereby **ORDERED** that the Motion be, and it is hereby, **DENIED** for failure to show any reasonable basis to Plaintiff's Objection to the Procedural Order.

It is **FURTHER ORDERED** that the Clerk docket Plaintiff's Motion to Vacate as a Notice of Interlocutory Appeal, that the case be processed as a live appeal, that the case be **REMOVED** from the May 2,

2005, jury selection calendar, that all pretrial preparation dates be **SUSPENDED**, and that the case be **REMOVED** from the May Civil Trial List as now scheduled, pending resolution of the appeal.